UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONNIE MEADOWS | CIVIL ACTION |
| VERSUS | NO: 15-1204 |
| JAZZ CASINO COMPANY, LLC | SECTION: R |

### ORDER AND REASONS

Plaintiff Connie Meadows moves for partial summary judgment on the issue of liability in her slip-and-fall claim under Federal Rule of Civil Procedure 56.[1] For the following reasons, the Court denies the motion.

### I.   BACKGROUND

On June 22, 2014, plaintiff Connie Meadows slipped and fell on a plastic sign cover in a corridor within Harrah's Casino in New Orleans, Louisiana.[2] Defendant Jazz Casino Company, LLC owns and operates the Harrah's Casino. Meadows alleges that a casino employee placed the sign cover on the corridor floor while he was changing an advertising display.[3] According to Meadows, she was walking through the corridor, "looking straight [ahead]," when she

---

[1] R. Doc. 56.

[2] R. Doc. 1-1 at 1.

[3] *Id.* at 2.

stepped on the sign cover and fell to the floor.[4] As a result, Meadows allegedly sustained shoulder injuries requiring surgical treatment.[5]

According to Jazz Casino Company, the sign cover was clearly visible and easy to avoid, and Meadows's fall resulted from her own inattention.[6] In support, Jazz Casino Company cites surveillance footage of the accident, which shows that prior to Meadows's fall, several casino patrons walked through the corridor without incident.[7] Jazz Casino Company also cites Meadows's deposition testimony that although the corridor was well-lighted, she did not see the casino employee who was changing the advertising display until after her fall.[8]

## II.   DISCUSSION

To prevail on a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex*

---

[4] R. Doc. 56-6 at 4.

[5] R. Doc. 56-2 at 1.

[6] R. Doc. 58 at 9.

[7] *Id.* at 7.

[8] R. Doc. 58-2 at 2-3.

*Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Court must draw all reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

The Court's review of the record in this case indicates that there remain contested issues of material fact regarding Jazz Casino Company's liability. Jazz Casino Company points to a number of outstanding factual issues, including whether the sign cover presented an unreasonable risk of harm, as required by Louisiana tort law.[9] Accordingly, the Court denies Meadows's motion for summary judgment.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff Connie Meadows's motion for partial summary judgment as to liability.

New Orleans, Louisiana, this __8th__ day of April, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 58 at 6-10.